IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

HOWARD LEON HOLLIS, JR.       )
                              )
v.                            ) NO. 3:05-0503
                              ) JUDGE CAMPBELL
MONTGOMERY COUNTY, TN         )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 13). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

FACTS

Plaintiff Howard Hollis filed this action against Defendant Montgomery County, Tennessee, alleging violations of the Family and Medical Leave Act ("FMLA") based upon retaliation. Plaintiff, a former employee of Montgomery County Emergency Medical Services, contends that he took approved FMLA leave beginning December 6, 2004, and ending on December 27, 2004, for the birth of his child. Plaintiff asserts that he was retaliated against by Defendant for taking this FMLA leave, ultimately resulting in a constructive discharge, because (1)Defendant required that Plaintiff go to paramedic school; (2) Defendant called Plaintiff to a meeting to discuss various complaints against him for lack of motivation; and (3) Defendant required Plaintiff to sign a new employment contract, identical to his original employment contract.

When he was hired by Defendant in April of 2000, Plaintiff was required to sign an employment agreement which stated, among other things, that Plaintiff would be enrolled in a training course for Emergency Medical Technicians or Paramedics as designated by Defendant and would attempt to complete the full course of training in order to obtain a license. Docket No. 1, ¶

6. Plaintiff contends that he could not successfully complete the required paramedic course because of a handicap in math. Id., ¶ 20.

On January 5, 2005, after Plaintiff returned from FMLA leave, he was called into a meeting with his supervisor, at which Plaintiff was told that there had been co-worker complaints about his job performance and that he had a lack of motivation. During that meeting, Plaintiff expressed his desire and intention to return to paramedic school and obtain his paramedic certification. Docket No. 26, ¶¶ 34 and 43. Plaintiff's supervisor told Plaintiff that he needed to be back in paramedic school by 2006 and that he "better not have any excuses." Id., ¶ 41.

Plaintiff asserts that, because he knew he would not be able to complete the paramedic course in the time allowed, he tendered his resignation to Defendant on January 8, 2005. Plaintiff claims that he was constructively discharged from employment with Defendant in retaliation for asserting his rights under the FMLA.

## SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 466 (6th Cir. 2003). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. Id.; Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. Meyers, 341 F.3d at 466. A mere scintilla of evidence is

insufficient; there must be evidence on which the jury could reasonably find for the non-movant. Id. The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. Hopson, 306 F.3d at 432.

## RETALIATION UNDER THE FMLA

To establish a claim for retaliation under the FMLA, Plaintiff must demonstrate that (1) he engaged in an activity protected by the FMLA, (2) his exercise of rights under the FMLA was known to the Defendant, (3) Defendant thereafter took an employment action adverse to him, and (4) there was a causal connection between the protected activity and the adverse employment action. Bryant v. Delbar Products, Inc., 18 F.Supp.2d 799, 809 (M.D. Tenn. 1998); Agee v. Northwest Airlines, Inc., 151 F.Supp.2d 890, 896 (E.D. Mich.2001). Plaintiff has established that he engaged in activity protected by the FMLA and that Defendant knew about that activity.

Not every act affecting an individual's employment can be considered an adverse employment action. McMillian v. Potter, 2005 WL 1140629 at ** 3 (6th Cir. May 11, 2005) (citing Burlington Indus., Inc. v. Ellerth, 118 S.Ct. 2257 (1998)). Simply because an employee is made unhappy by an action does not mean he has identified an adverse employment action. Id.

An adverse employment action is one which involves a materially adverse change in the terms and conditions of employment and is more disruptive than a mere inconvenience or an alteration of job responsibilities. Mitchell v. Vanderbilt University, 389 F.3d 177, 182 (6th Cir. 2004). A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wages or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation. Hollins v. Atlantic Co., Inc., 188 F.3d 652, 662 (6th Cir. 1999).

3

Plaintiff in this case agreed, at the time he was hired, to an employment contract which required him to complete paramedic school. Plaintiff's having to sign a new contract, which was identical to the first, is not an adverse employment action. Defendant requiring Plaintiff to complete paramedic school is not an adverse employment action; rather, it was an agreed-upon term of Plaintiff's contract from the beginning.

Examples of adverse employment action include demotions, reductions in salary or job responsibilities, reassignment to menial or degrading work, reassignment to work under a younger supervisor, harassment by the employer calculated to encourage the employee's resignation, and offers of early retirement or continued employment on terms less favorable than the employee's former status. Logan v. Denny's, Inc., 259 F.3d 558, 569 (6th Cir. 2001); Weigold v. ABC Appliance Co., 2004 WL 1543165 at ** 5 (6th Cir. July 7, 2004).

A formal reprimand may constitute adverse employment action but, absent evidence that it is anything more than mere criticism, a verbal reprimand does not. Id. Calling Plaintiff into a meeting simply to discuss various complaints made against him, with no action taken upon those complaints, is not an adverse employment action. Plaintiff did not receive a decrease in pay, a less distinguished title, diminished responsibilities or any loss of benefits as a result of this meeting. Criticism from a supervisor does not constitute an adverse employment action. Weigold at ** 5. Negative criticism unaccompanied by a materially adverse change in the terms and conditions of employment does not constitute adverse employment action. Id. (citing cases).

Plaintiff may establish an adverse employment action by demonstrating that he was constructively discharged. Logan, 259 F.3d at 568. To demonstrate a constructive discharge, Plaintiff must show that defendant deliberately created intolerable working conditions, as perceived

4

by a reasonable person and did so with the intention of forcing Plaintiff to quit. Id. When an employee voluntarily resigns, he cannot claim that he suffered an adverse employment action under the FMLA. Hammon v. DHL Airways, Inc., 165 F.3d 441, 447 (6th Cir. 1999).

The Court finds that the alleged misconduct in this case — a single meeting with the supervisor to discuss certain criticisms, requiring Plaintiff to complete the paramedic school he agreed to when he was hired, and asking him to sign a new contract, identical to the one he had previously signed — falls short of the conditions necessary to constitute a constructive discharge.

Plaintiff argues, citing Ford v. General Motors Corp., 305 F.3d 545 (6th Cir. 2002), that the cumulative effect of the alleged misconduct in this case amounts to an adverse employment action because Plaintiff was "set up to fail." Yet Defendant's requiring the Plaintiff to complete paramedic school occurred *before* he requested FMLA leave, at the time he was hired. Defendant merely reiterated that requirement at the later time.

## CONCLUSION

For all these reasons, Plaintiff has not demonstrated that he suffered an adverse employment action as a result of taking FMLA leave. Accordingly, Defendant's Motion for Summary Judgment (Docket No. 13) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

5